IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS D. TUKA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No.: 2:08-mc-206 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| and MATTHEW P. DAVEY, Special | ) | |
| Agent, IRS, | ) | |
| | ) | |
| Respondents. | ) | |

AMBROSE, Chief District Judge

## OPINION
### and
### ORDER OF COURT

*Pro Se* Petitioner, Thomas D. Tuka, timely filed a Petition to Quash Internal Revenue

Service Third Party Summons pursuant to 26 U.S.C. §7609(b)(2). (Docket No. 1). Specifically,

Petitioner seeks to quash a third party administrative summons dated July 2, 2008, issued by the

Internal Revenue Service (IRS) to Citizens Bank. *Id.* Petitioner argues that the summons should

be quashed for the following reasons: 1) the summons asks for IRS Forms 1099, but since the IRS

already has said forms it fails the *Powell* test; 2) the summons was not verified pursuant to title 26

U.S. C. §6065; 3) the summons was not attested in compliance with §7603(a); 4) the summons

fails to meet the requirements of the Internal Revenue Code and the requirements of 12 U.S.C.

§3403 and §3405; and 5) the IRS is attempting to use the summons for the impermissible purpose

of gathering evidence solely for a criminal investigation. (Docket No. 1, ¶¶5-13).

In response, Respondents filed a Motion to Dismiss or Summarily Deny Petition to Quash

Third Party Summons and for Enforcement of Summons. (Docket No. 2). As a threshold matter,

Respondents argue that this court lacks personal jurisdiction over them because the Petitioner

failed to perfect service of process upon Respondents pursuant to Rule 4(b), (c), and (i). (Docket

No. 2, pp. 11-12.)  To that end, Respondents submit that because the Petition was not serviced with a summons, as required by Rule 4(c) of the Federal Rules of Civil Procedure, the entire case should be dismissed for lack of jurisdiction.  *Id.*

Section 7609,  which authorizes and governs both the issuance of IRS summonses and petitions to quash the same provides, in pertinent part as follows:

(2) Proceeding to quash.--

(A) In general.--Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

(B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C.A. § 7609(b)(2).  This section, however, does not obviate the need for Petitioner to comply with the requirements of Rule 4 of the Federal Rules of Civil Procedure.  "Compliance with Rule 4, *i.e.,* sufficient service of process, is necessary to establish personal jurisdiction over a defendant in a civil action."  *Hovind v. U.S.*, 82 AFTR 2d 98-6812, 159 F.3d 1359 (table) (11th Cir. 1998).  Rule 4(i) requires that a copy of the summons signed, sealed and issued by the clerk of courts along with the petition must be served upon, *inter alia,* the United States attorney for the district in which the action is brought.  F.R.Civ. P. 4(i).  "Absent compliance with Rule 4(i), a district court cannot exercise personal jurisdiction over the United States."  *Hovind*, 82 AFTR2d at 2; *Smith v. Rossotte,* 250 F.Supp.2d 1266, 1269 (D. Or. 2003); *Wohlford v. U.S.,* 83 A.F.T.R.2d 99-2985 (W.D. Mich. 1999).  It is a procedural requirement that may not be ignored.

There is no doubt that Petitioner never obtained or served a summons on Respondents. (Doc. No. 4-2, p. 7).  I note that Petitioner received instructions for preparing his motion to quash, Form 2039, Part D.  (Docket No. 2-4, p. 1, Gvt. Ex. 2).  Therein, Petitioner was informed that he

was required to comply with Rule 4 and §7609(b)(2)(B). *Id.* Since Petitioner did not comply with Rule 4, Petitioner did not properly effect service of process on Respondents.

In that regard, however, Petitioner argues that the delay in obtaining a summons would have "made the remedy ineffectual." (Docket No. 4-2, pp. 7-8). I am not exactly sure what Petitioner means by that statement. To the extent that Petitioner is arguing that he could not have obtained a summons in a timely manner, I reject this argument. Summons are issued within a matter of minutes. Petitioner provides no reason why he could not have obtained one.

Consequently, this court does not have jurisdiction over Respondents. Therefore, I am granting Respondents Motion to Dismiss (Docket No. 2), ***without prejudice***.[1] To that end, Petitioner is instructed that he has until November 18, 2008, to obtain the proper summons and serve it in accordance with Rule 4.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

---

[1]Since I am granting the Motion to Dismiss based on jurisdictional reasons, I do not reach any opinion with regard to Petitioner's Motion to Quash (Docket No. 1) or any other relief sought by Respondents in the Motion to Dismiss (Docket No. 2).