IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS D. TUKA, )
        Petitioner, )
vs. ) No.: 2:08-mc-206
UNITED STATES OF AMERICA, )
INTERNAL REVENUE SERVICE, )
and MATTHEW P. DAVEY, Special )
Agent, IRS, )
        Respondents. )

AMBROSE, Chief District Judge

## OPINION

**I.    Background**

*Pro Se* Petitioner, Thomas D. Tuka, filed Petition to Quash Internal Revenue Service Third Party Summons pursuant to 26 U.S.C. §7609(b)(2) wherein he sought to quash a third party administrative summons dated July 2, 2008, issued by the Internal Revenue Service ("IRS") to Citizens Bank. (Docket No. 1). In response, Respondents filed a Motion to Dismiss or Summarily Deny Petition to Quash Third-Party Summons and for Enforcement of Summons arguing, *inter alia,* that the Petition should be dismissed for lack of jurisdiction. (Docket No. 2, pp. 11-12). I granted Respondents' Motion to Dismiss (Docket No. 2), without prejudice.[1] (Docket No. 6). Petitioner was ordered to obtain the proper summons and serve it in accordance with Rule 4, which, according to Respondents, he did. (Docket No. 7-2, p. 1).

On December 23, 2008, Respondents filed another Motion to Dismiss or Summarily Deny Petition to Quash Third-Party Summons and for Enforcement of Summons. (Docket No. 7). *Pro*

---

[1] Since I granted the Motion to Dismiss based on jurisdictional reasons, I did not reach any opinion with regard to Petitioner's Motion to Quash (Docket No. 1) or any other relief sought by Respondents in the Motion to Dismiss (Docket No. 2).

*Se* Petitioner was ordered to respond to the Motion to Dismiss by January 23, 2009. *Pro Se* Petitioner did not file a response to the Motion as ordered.

However, on February 2, 2009, *Pro Se* Petitioner, without leave of court, filed an Amended Petition to Quash IRS Third Party Summonses adding to his Petition another third party administrative summons dated January 21, 2009, issued by the Internal Revenue Service (IRS) to Parkvale Savings Bank. (Docket No. 8). Thereafter, on February 5, 2009, Petitioner filed a Motion for Leave to Amend his original Petition to Quash. (Docket No. 9). He also filed, albeit late, a Motion for Extension of Time to file his response to the Motion to Dismiss. (Docket No. 10). I granted the Motion for Extension of Time and ordered that Petitioner respond to the Motion to Dismiss by February 27, 2008. (Docket No. 18).

To date, however, Petitioner has not filed a response to the Motion to Dismiss (Docket No. 7), nor has he requested a further extension. The arguments within the Motion to Dismiss (Docket No. 7) are virtually the same arguments contained within the initial Motion to Dismiss (Docket No. 2).[2] Petitioner responded to the initial Motion to Dismiss. (Docket No. 4-2). Therefore, I will consider Petitioner's Brief in Opposition to the initial Motion to Dismiss in ruling upon Respondents' Motion to Dismiss at Docket No. 7. As a result, the original Petition to Quash (Docket No. 1), the Motions to Dismiss the Petition to Quash (Docket Nos. 2 and 7), and the Motion for Leave to Amend Petition to Quash (Docket No. 9) are ripe for review.

## II.    Petition to Quash and Motions to Dismiss

The IRS has the authority to issue an administrative summons to banks and financial institutions to gather information related to a tax investigation. 26 U.S.C. §§7602(a)-(c), 7603(b). The taxpayer, in this case Petitioner, has the right to file a petition to quash the summons. 26 U.S.C. §7609(b)(2). "In any such proceeding, the Secretary may seek to compel compliance with

---

[2]Respondents deleted the improper service argument from the initial Motion to Dismiss and reasserted the remaining arguments in the newly filed Motion to Dismiss. *Compare*, Docket No. 1 *with* Docket No. 7.

the summons." *Id.* To succeed in having the summons enforced, the IRS must show good faith by demonstrating: 1) "the investigation will be conducted pursuant to a legitimate purpose;" 2) "the inquiry may be relevant to the purpose" of the investigation; 3) "the information sought is not already within the Commissioner's possession;" and 4) the proper administrative procedure has been followed. *United States v. Powell,* 379 U.S. 48, 57-58 (1962); *Conner v. United States,* 434 F.3d 676, 680 (4th Cir. 2006); *Alphin v. United States,* 809 F.2d 236, 238 (4th Cir. 1987). The IRS's burden at this juncture is "slight or minimal." *Conner*, 434 F.3d at 680. The IRS can meet this burden via "an affidavit of an agent involved in the investigation averring the *Powell* good faith elements." *Id.*; *Alphin,* 809 F.2d at 238. Then, the burden shifts back "to the party challenging the summons to show that enforcement would be an abuse of the court's process." *Alphin,* 809 F.2d at 238; *Conner,* 434 F.3d at 680. This is a "heavy burden." *Alphin*, 809 F.2d at 238.

### A. <u>Summon Issued for a Proper Purpose</u>

The IRS may summon records and testimony "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability..." 26 U.S.C. §7602(a). The IRS may also issue a summons for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. §7602(b). In this case, Special Agent Matthew Davey's ("Agent Davey") declaration establishes that the purposes of the investigation are "to determine Mr. Tuka's correct tax liabilities; to prepare federal income tax returns for Mr. Tuka, if the filings of such returns are required by law; and to ascertain whether Mr. Tuka has committed any offense connected with the administration or enforcement of the internal revenue laws." (Docket No. 7-3, ¶3). Contrary to Petitioner's assertion, this declaration is sufficient to satisfy the first element, that the summons was issued for a proper

purpose. *Conner*, 434 F.3d at 680.

      **B.**    <u>**Relevancy of the Records**</u>

The second element of the *Powell* test is whether the summoned record and/or testimony is relevant to the investigation. *Powell*, 379 U.S. at 57. In this case, Agent Davey states that the records sought "may establish the source and amount of income received by Thomas D. Tuka during the years 2003-2006. These financial account records may also reveal control of the accounts and/or knowledge of financial activity by Thomas D. Tuka which may establish civil and/or criminal liability." (Docket No. 7-3, ¶5). This declaration is sufficient to satisfy the second element.

      **C.**    <u>**Possession of the Information**</u>

The third element of the *Powell* test is whether "the information sought is not already within the Commissioner's possession." *Powell*, 379 U.S. at 58. Agent Davey's declaration states that the IRS is not in the possession of "[t]he books, papers, records, or other data sought by the summons." (Docket No. 7-3, ¶10). Specifically, with regard to the Form 1099, Agent Davey acknowledges that the IRS can electronically generate an "IRP Report" that shows information contained on the Form 1099; however, the IRS does not have the actual Form 1099s. Moreover, according to Agent Davey, the Form 1099 is "sufficiently different in format from the electronic information as to be likely to have independent evidentiary value in an investigation." (Docket No. 7-3, ¶11). Petitioner has not provided evidence to the contrary. (Docket No. 4).

In addition, according to Agent Davey, the IRP Report for Petitioner for the years 2003-2006 shows that the IRS did not receive any information from Citizens Bank. (Docket No. 7-2, ¶12). Consequently, Respondents do not have any information in their possession from Citizens Bank relating to the information in the Form 1099 for the years 2003-2006. As a result, this element has been met by Respondents.

### D. Administrative Procedure

The final element of the *Powell* test is whether the proper administrative procedure has been followed. *Powell*, 379 U.S. at 58. Agent Davey's declaration states that "[a]ll administrative steps required by Title 26 of the United States Code for the issuance of a summons have been followed." (Docket No. 7-3, ¶13). To that end, he states that he is authorized to issue summonses, that he properly served an attested copy of the summons on Citizens Bank, and that he gave notice of the summons to Petitioner. (Docket No. 7-3, ¶¶6-9). As a result, this element has been met by Respondents.

Thus, I find that Respondents have met their burden under *Powell* of setting forth a *prima facie* case for enforcement of the Summons.

### E. Petitioner's Burden

The burden now shifts to Petitioner to rebut one or more of the *Powell* elements or show that enforcing the Summons would be an abuse of the Court's process. "Such an abuse would take place...if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *United States v. Stuart,* 489 U.S. 353, 360 (1989), *quoting Powell*, 379 U.S. at 58. With this in mind, I will now address Petitioner's arguments.

#### 1. Bad Faith

Petitioner seems to argue that the *Powell* elements are not met because Agent Davey was acting in bad faith by embarking on a limitless fishing expedition. (Docket No. 4-2, pp. 1-2). He provides no evidence to support this bold allegation as it relates to the summons at issue. *Id.* Moreover, after a review of Agent Davey's declaration, I disagree and find this argument has no merit.

### 2. The Attestation Requirement for Third Party Summons

Petition next argues that the summonses were not properly attested in violation of 26 U.S.C. §7603. (Docket No. 4-2, pp. 3-5, Docket No. 1, ¶12). "An 'attested copy' of a summons is 'one which has been examined and compared with the original, with a certificate or memorandum of its correctness, signed by the persons who have examined it.'" *Wheeler v. United States,* 459 F.Supp. 2d 399, 404 (W.D. Pa. 2006), *quoting, Mimick v. United States*, 952 F.2d 230, 232 (8th Cir.1991) (citing authority). After a review of the evidence, I find no merit to this argument. First, the Certificate of Service of Summons and Agent Davey's declaration establish that Agent Davey certified that he sent a copy of the summons which contained the attestation required by §7603 by certified mail to Citizens Bank. (Docket No. 7-3, ¶8, Docket No. 7-4, p. 2. Furthermore, the attestation requirement of §7603 does not apply to the notice copy of the summons issue to the taxpayer. *Wheeler v. United States,* 459 F.Supp. 2d 399, 404 (W.D. Pa. 2006)( The "majority of courts have ruled that, where an administrative summons is served on a third-party recordkeeper, the attestation requirement of § 7603 pertains only to the third-party recordkeeper and not to the taxpayer receiving a notice copy of the summons under § 7609."). Thus, this is not a proper basis on which to quash the summons.

### 3. Form 1099

Petitioner argues that the substance of the information contained on Form 1099 is already in the possession of the IRS. (Docket No. 4-2, p. 6). As set forth above in section II.C., Respondents do not have said information from Citizens Bank for the years 2003-2006. (Docket No. 7-2, ¶12). Consequently, this is not a proper basis on which to quash the summons.

### 4. 26 U.S.C. §6065

While not addressed in his brief, the Petition to Quash seeks to quash the summons because it "was not verified by a written declaration as per the requirements of 26 U.S.C. §6065.

(Docket No. 1, ¶9). Section 6065, however, applies only to returns and other documents submitted by the taxpayers, not documents issued by the IRS. *Wheeler,* 459 F.Supp.2d at 406 n.3.; *Thompson v. I.R.S.,* 23 F.Supp.2d 923, 925 (N.D. Ind. 1998); *see, Morelli v. Alexander,* 920 F.Supp. 556, 558 (S.D. N.Y. 1996); *Kaetz v. I.R.S.*, No. 3:02cv512, 2002 WL 1772623, *2 (M.D. Pa. June 28, 2002). Thus, this argument fails.

### 5. <u>12 U.S.C. §§ 3403 and 3405</u>

Another argument on which the Petition to Quash is based, but Petitioner's brief fails to address, is the argument that the summons fails to meet the requirements of The Right to Financial Privacy Act, 12 U.S.C. §§ 3403 and 3405. (Docket No. 1, ¶11). As set forth in *Wheeler,* sections 3403 and 3405 do not apply to summonses issued by the IRS. 459 F.Supp.2d at 406, n. 3. Consequently, this argument fails as well.

### 6. <u>Department of Justice Referral</u>

The final issue raised in the Petition to quash that was not raised in Petitioner's brief is the argument that the IRS is attempting to use the summons for the impermissible purpose of gathering evidence solely for a criminal investigation. (Docket No. 1, ¶¶12-13). The Petition states that the IRS believes Petitioner to be a "tax protester," and that the IRS has abandoned its civil investigation and has made a referral to the Department of Justice for prosecution, and thus, is improperly using the Summons to gather evidence. (Docket No. 1, ¶¶12-13). In support of this proposition, Petitioner cites the case of *U.S. v. LaSalle Nat'l Bank,* 437 U.S. 248 (1978). After *LaSalle Nat'l Bank,* §7602(b) was amended to provide that the IRS may issue summonses for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." *Pickels v. U.S.,* 746 F.2d 176, 183 (3d Cir. 1984). Section 7602(d) now prohibits the IRS from issuing a summons after it has made a referral to the Department of Justice for a criminal prosecution. To that end, Agent Davey has declared that there "is no 'Justice

7

Department referral,' as that term is described in 26 U.S.C. §7602(d), in effect with respect to Thoms D. Tuka for the years 2003-2006." (Docket No. 7-3, ¶14). Thus, this argument lacks merit.

Based on the above, Petitioner has failed to meet his burden.

Accordingly, the Motions to Dismiss or Summarily Deny the Petition to Quash Third-Party Summons and for Enforcement of the Summons (Docket Nos 2 and 7) are granted[3] and the Petition to Quash is Dismissed with prejudice. It is further ordered that the third-party summons issued to Citizens Bank is enforced.

### III. Motion For Leave to Amend Petition to Quash

Petitioner seeks leave to amend his Petition to Quash to add allegations to quash a new IRS administrative summons dated January 21, 2009, issued to the custodian of records for Parkvale Savings Bank. (Docket No. 9). A comparison of the Petition to Quash and the Amended Petition to Quash demonstrates nothing more than the same alleged facts only adding a paragraph related to the January 21, 2009, IRS administrative summons issued to Parkvale Savings Bank. *Compare,* Docket No. 1 *with* Docket No. 8.

Refusal to deny amendment is proper in cases of futility. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993). Since the Amended Petition does not add any new facts or legal argument that would support the granting of the Amended Petition, the amendment would be futile. Consequently, Petitioner's Motion for Leave to Amend Petition to Quash (Docket No. 9) is denied based on futility.

---

[3]I did not address Respondent's argument that the Petition should be dismissed as to the IRS and Agent Davey because I am dismissing the Petition in its entirety. If I had not dismissed the Petition in its entirety, however, I would have dismissed it as to the IRS and Agent Davey as the only proper respondents in an action such as this is the United States. *See, Pilchesky v. United States,* No. 3:08-mc-0103, 2008 WL 2550766, *3 (M.D. Pa. June 23, 2008), *citing, Oliva v. United States*, 221 F.R.D. 540, 543-44 (D. Hawaii 2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS D. TUKA,

    Petitioner,

vs.      No.: 2:08-mc-206

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,
and MATTHEW P. DAVEY, Special
Agent, IRS,

    Respondents.

AMBROSE, Chief District Judge

## ORDER OF COURT

AND now, this 9th day of March, 2009, after careful consideration of the Petition to Quash Internal Revenue Service Third Party Summons (Docket No. 1), the Motions to Dismiss or Summarily Deny Petition to Quash Third-Party Summons and for Enforcement of Summons (Docket Nos. 2 and 7), and the Motion for Leave to Amend Petition to Quash (Docket No. 9), it is ordered as follows:

1. The Petition to Quash Internal Revenue Service Third Party Summons (Docket No. 1) is dismissed with prejudice;

2. The Motions to Dismiss or Summarily Deny Petition to Quash Third-Party Summons and for Enforcement of Summons (Docket No. 2 and 7) are granted;

3. The Third-Party summons issued to Citizens Bank is enforced; and

4. The Motion for Leave to Amend Petition to Quash (Docket No. 9) is denied, and the Amended Petition to Quash (Docket No. 8) is hereby stricken from the record.

        BY THE COURT:

        /s/ Donetta W. Ambrose
        Donetta W. Ambrose
        Chief U.S. District Judge